# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ROGERS,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>                    Defendant. | Case No.  3:20-cv-1139-WQH-RBM<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis.  For the reasons discussed below, this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A). As such, the Court does not rule on Petitioner's request to proceed in forma pauperis.

### PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his January 13, 2004 conviction in San Diego County Superior Court Case No. SCD176027.  On November 17, 2006, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case number 06-cv-2549 H (NLS).  In that petition, Petitioner challenged his January 13, 2004 conviction as well.  On July 11, 2007, this Court denied the petition on the merits. *See Rogers v. Giurbino*, 06-cv-2549-H-NLS (ECF No. 10). Petitioner filed a notice of appeal. (*See* ECF No. 11). On July 24,

2008, the Ninth Circuit Court of Appeals denied Petitioner a certificate of appealability. *See Rogers v. Giurbino*, No. 07-56731 (9th Cir. July 24, 2008) (ECF No. 21).

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(2)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Id.* Here, there is no indication the Court of Appeals for the Ninth Circuit has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Court of Appeals for the Ninth Circuit to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Court of Appeals for the Ninth Circuit.

Further, Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims. *See* 28 U.S.C. § 2253(c). As such, a certificate of appealability is **DENIED**. *See* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of

///

appealability).  *For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.*

**IT IS SO ORDERED**.

Dated:  July 27, 2020

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court